**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARLO SOLOMON, PATRICIA
JACKSON and GUILLERMO LAGO,
*individually and on behalf of all
others similarly situated*,

      Plaintiffs,

v.                                                                          Civ. No. 26-857 GBW/JHR

BJMC GLOBAL, LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant BJMC Global, LLC's

(BJMC) Motion to Dismiss for *Forum Non Conveniens*. *Doc. 6*. Plaintiffs filed a related

Motion for Leave to File Surreply. *Doc. 15*. Having reviewed the briefing and relevant

law, the Court will deny both motions.

### I.    BACKGROUND

Plaintiffs filed this action on March 23, 2026, on behalf of themselves and all

others similarly situated, alleging claims under the Federal Fair Labor Standards Act

(FLSA), the New Mexico Minimum Wage Act (NMMWA), and the New Mexico

Healthy Workplaces Act (NMHWA). *Doc. 1*. Plaintiffs filed an amended complaint on

June 17, 2026.[1]  *Doc. 21*.  The claims arise out of Plaintiffs' work for BJMC on the Hermis

Peak FEMA PA-TAC project in New Mexico.  *Id*. at ¶¶ 2–3, 11.  Plaintiffs allege they

were misclassified as independent contractors and were, inter alia, not paid overtime

compensation in violation of federal and state law.  *Id*. at ¶¶ 14–50.  Relevant to the

present motion, each individual plaintiff entered into a Services Agreement with BJMC

that contained the following forum-selection clause:

> In case of a legal claim for any other matter related to this contract, the
> parties expressly agree to submit to the jurisdiction and competence of the
> Spartanburg County Court.

*Doc. 6* at 17, 32, 47.  Defendant now moves to dismiss all claims under the doctrine of

*forum non conveniens*.

## II.     LEGAL STANDARD

"The doctrine of *forum non conveniens* permits a court to dismiss a case when an

adequate alternative forum exists in a different judicial system and there is no

mechanism by which the case may be transferred."  *Kelvion, Inc. v. PetroChina Can., Ltd.*,

918 F.3d 1088, 1091 (10th Cir. 2019) (citing Charles Alan Wright et al., 14D Fed. Prac. &

Proc. Juris. § 3828 (4th ed., Nov. 2018)).  *Forum non conveniens* is the proper mechanism

to enforce a forum-selection clause that requires claims to be litigated outside the

---

[1] The amended complaint was filed after the instant motion was fully briefed.  However, the
same claims are asserted and there is no material difference between the complaints for purposes of the
*forum non conveniens* analysis.  The Court therefore finds that Defendant's motion is not moot and may be
resolved without further briefing.

federal courts. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 60–61 (2013).

Ordinarily, the defendant invoking *forum non conveniens* "bears a heavy burden in opposing the plaintiff's forum." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 430 (2007). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). Faced with the existence of a contract that selects a nonfederal forum, the court "may consider arguments about public-interest factors only," and the parties' agreement should be "given controlling weight in all but the most exceptional cases." *Id*. at 63, 64.

### III.   ANALYSIS

Defendant moves for dismissal on the basis that the forum-selection clause in Plaintiffs' Services Agreements requires all claims to be litigated in the Spartanburg County Court. *Doc. 6*. Plaintiffs contend that dismissal is improper because the forum-selection clause is permissive, not mandatory. *Doc. 8*.

### A.   Choice of Law

To determine the scope and meaning of the forum-selection clause, the Court must first determine which law to apply. Each Services Agreement contains the following choice-of-law provision:

> This contract shall be governed by and construed in accordance with the laws of the State of South Carolina—without application of its provisions on conflict of laws.

*Doc. 6* at 17, 32, 47.  In *Yavuz v. 61 MM, Ltd*, the Tenth Circuit held that an international commercial agreement's forum-selection provision should be construed "under the law specified in the agreement's choice-of-law provision."  465 F.3d 418, 430 (10th Cir. 2006); *see also Kelvion*, 918 F.3d at 1092 n.2 ("In this circuit, forum-selection clauses are . . . construed according to the governing law selected in the contract." (citing *Yavuz*, 465 F.3d at 431)).  The Tenth Circuit has since applied the same rule to domestic agreements. *See Elna Sefcovic, LLC v. TEP Rocky Mt., LLC*, 953 F.3d 660, 673 n.13 (10th Cir. 2020) ("Because the *Lindauer* SA contains a choice-of-law provision declaring that Colorado law govern[s] its interpretation, we apply Colorado law to interpret the forum selection provision." (citing *Yavuz*, 465 F.3d at 430)).

In this case, the parties' agreements unambiguously state that they are governed by South Carolina law.  Therefore, the Court applies South Carolina law to construe the forum-selection clause.[2]

### B.  Mandatory or Permissive Forum Selection

The parties' principal—and dispositive—disagreement is whether the forum-

---

[2] The Court notes that Plaintiffs do not challenge the enforceability of the forum-selection clause, only its proper interpretation.  *See, e.g.*, *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (distinguishing between the enforceability of a forum-selection clause, which is governed by federal law, and its interpretation, which is governed by the parties' choice of law).

4

selection provision in the Service Agreements is mandatory or permissive.  Federal law recognizes a distinction between mandatory forum-selection clauses, which "contain clear language showing that jurisdiction is appropriate only in the designated forum," and permissive forum-selection clauses, which "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318, 321 (10th Cir. 1997) (quotation and citation omitted).  The general rule is that

> where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

*Sefcovic*, 953 F.3d at 673 (alterations in original) (quoting *K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 499 (10th Cir. 2002)).  In short, only mandatory forum-selection clauses are enforced by transfer to another district or dismissal via *forum non conveniens*.  Plaintiffs argue that the forum-selection clause at issue is permissive because it does not use the words "exclusive," "sole," "only," "shall be brought," or "must be brought."  *Doc. 8* at 1; *see K & V*, 314 F.3d at 500 (mandatory clauses are typically characterized by terms like "'exclusive,' 'sole,' or 'only'").

The first question is whether South Carolina law recognizes the same distinction. Defendant makes no argument to the contrary.  *See generally docs. 6, 12.*  There is limited

5

authority on South Carolina's interpretation of forum-selection clauses,[3] and neither

party has cited a case where South Carolina law was applied to construe a forum-

selection clause under analogous circumstances.  *C.f. Minorplanet Sys. USA Ltd. v. Am.

Aire., Inc.*, 628 S.E.2d 43, 45 (S.C. 2006) (applying Texas law to find forum-selection

clause enforceable); *Howell v. Covalent Chem. LLC*, 867 S.E.2d 264, 268 (S.C. Ct. App.

2021) (applying Texas law to find forum-selection clause permissive).  However, South

Carolina's courts appear to recognize the distinction between mandatory forum-

selection clauses and those that merely consent to jurisdiction in a particular forum.

*Compare Howell*, 867 S.E.2d at 268 ("A permissive forum selection clause does not justify

dismissal on the grounds that the plaintiff filed suit in a forum other than the one

---

[3] The interpretation of forum-selection clauses under South Carolina law is somewhat complicated by S.C. Code Ann. § 15-7-120(A), which provides that actions may be brought in South Carolina notwithstanding the parties' contrary contract provision.  This has led to significant confusion over the years about whether, and to what extent, South Carolina law disfavors forum-selection provisions generally.  *See, e.g.*, *Johnson v. Key Equip. Fin.*, 627 S.E.2d 740, 741 (S.C. 2006) (referencing "South Carolina's general disfavoring of forum selection clauses"); *Dobson v. Kaltron, Inc.*, 2008 U.S. Dist. LEXIS 140466, at *5 (D.S.C. Aug. 5, 2008) ("The Court recognizes the lack of certainty provided by state law and judicial opinions regarding whether forum selection clauses are against the public policy of South Carolina.").  Nevertheless, South Carolina courts have enforced mandatory forum-selection clauses.  *E.g.*, *Minorplanet Sys. USA Ltd. v. Am. Aire., Inc.*, 628 S.E.2d 43, 45 & n.1 (S.C. 2006).  Neither party has raised the issue and § 15-7-120(A) is silent with respect to the facts presented here, where an action is filed *outside* of South Carolina and the defendant seeks to transfer or dismiss the case.  The Court finds that, particularly under these facts, § 15-7-120(A) does not operate to bar enforcement of the forum-selection clause.  To the extent applicable, the Court is persuaded by the line of cases finding that South Carolina law does not bar or disfavor forum-selection clauses as a matter of public policy.  *E.g.*, *Albemarle Corp. v. AstraZeneca UK Ltd*, 628 F.3d 643, 652 (4th Cir. 2010) ("[W]e can find virtually no evidence to indicate that S.C. Code Ann. § 15-7-120(A), overriding exclusive forum selection clauses in favor of applying state procedural rules for venue, manifests a strong public policy of South Carolina."); *Gregg v. GI Apparel, Inc.*, 2006 U.S. Dist. LEXIS 7464, at *6 (D.S.C. Feb. 13, 2006) ("Without a clearer pronouncement from the South Carolina legislature or courts, this court is unable to find that the enforcement of a forum selection clause contravenes a strong public policy of the state of South Carolina.").

specified in the clause." (quoting *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018))),[4] *with Ashley River Props. I, LLC v. Ashley River Props. II, LLC*, 648 S.E.2d 295, 300 (S.C. Ct. App. 2007) (finding South Carolina's courts lacked jurisdiction because the parties' agreement "unambiguously provides that the courts of New York shall have *sole and exclusive* jurisdiction over any matter arising from the operating agreement." (emphasis added)). This Court is therefore persuaded, in the absence of any contrary indication, that South Carolina law recognizes a distinction between mandatory and permissive forum-selection clauses in a manner roughly analogous to federal law.  *See United States ex rel. Robert Lloyd Elec. Co. v. Fluor Enters*, 2019 U.S. Dist. LEXIS 241233, at *16–17 (N.D. Tex. Aug. 26, 2019) (concluding that South Carolina law does not "address the mandatory-versus-permissive nature of forum selection clauses" and therefore "turn[ing] "to other federal courts for guidance").  This rule has been adopted by numerous other states, *see* Marjorie A. Shields, *Permissive or Mandatory Nature of Forum Selection Clauses Under State Law*, 32 A.L.R.6th 419 (2024) (collecting cases), and accords with the cardinal rule of South Carolina law that courts should "give legal effect to the parties' intentions as determined by the contract language," *Schulmeyer v. State Farm Fire & Cas. Co.*, 579

---

[4] *Howell* was decided under the parties' choice of Texas law and is not, therefore, directly on point.  However, the Court of Appeals' citation to the Fourth Circuit's holding—which has no bearing on or relationship to Texas law—indicates a more general acceptance of the proposition that permissive forum-selection clauses do not require the dismissal of actions filed in another forum.

S.E.2d 132, 134 (S.C. 2003).

The second question is whether, under the plain language of the Services Agreements and well-settled persuasive precedent from other jurisdictions, the forum-selection clause mandates jurisdiction in Spartanburg County Court.  The Court finds that it does not.  The provision states that the parties "agree to submit to the jurisdiction and competence of the Spartanburg County Court." *Doc. 6* at 17, 32, 47.  This language plainly indicates that the parties consent to jurisdiction in the Spartanburg County Court, but it is silent with respect to jurisdiction in other forums.  It contains no terms like "exclusive," "sole," "only," "all," or "shall." *See K & V*, 314 F.3d at 500; *Sefcovic*, 953 F.3d at 673–74 (finding forum-selection clause permissive because "it neither requires that 'all' actions be brought [in the chosen forum], nor places any restriction on the parties' ability to bring suit elsewhere"); *Excell*, 106 F.3d at 321 (finding clause mandatory because it stated that "jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso").  Language specifying that the parties "submit to" jurisdiction in a particular court is generally permissive.  *See Excell*, 106 F.3d at 321 (using a hypothetical provision that the parties "shall submit to" personal jurisdiction in a particular state court as "[a]n example of a permissive forum selection clause"); *Rivera v. Kress Stores of P.R., Inc.*, 30 F.4th 98, 104 (1st Cir. 2022) ("[A] forum-selection clause specifying that the parties agree to submit to the jurisdiction of a particular court does not more than signify the parties' mutual assent to a particular court's jurisdictional

authority." (quotation and citation omitted)).  Accordingly, courts construing similar language have held that it is permissive, not mandatory.  *E.g.*, *Gas Sensing Tech. Corp. v. Ashton*, 795 F. App'x 1010, 1016 (10th Cir. 2020) ("If there is a lawsuit, [the parties] agree to submit to the jurisdiction of the courts of Albany County, the State of Wyoming, United States."); *3rd Rock Logistics, LLC v. Occidental Petro. Corp.*, 303 F. Supp. 3d 1166, 1168 (D.N.M. 2018) (parties "voluntarily submit to the jurisdiction and venue of the federal or state courts of the state of Texas for the adjudication of their liabilities and responsibilities"); *Prestige Capital Corp. v. Pipeliners of P.R., Inc.*, 849 F. Supp. 2d 240, 245 (D.P.R. 2012) ("[T]he DEBTOR agrees to submit to the jurisdiction and competence of the Puerto Rico San Juan Superior Court."); *Red Light, LLC v. Am. Traffic Solutions, Inc.*, 2006 U.S. Dist. LEXIS 10195, at *3 (D.S.C. Feb. 23, 2006) ("[T]he parties agree to submit to the jurisdiction of the courts of Arizona, United States of America.").

Defendant nevertheless contends that the forum-selection clause is mandatory, citing two cases in which similar language was "recognized in this Circuit and this District as constituting a mandatory forum-selection clause," *doc. 12* at 7.  Both are inapposite.  In *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, the language at issue is clearly distinguishable because the parties agreed that "the Courts of the State of Colorado/Arbitrator shall be the *exclusive* forum for the resolution of any disputes."  428 F.3d 921, 924 (10th Cir. 2005) (emphasis added).  In *3rd Rock Logistics*, the language is analogous but unhelpful to Defendant's argument, as the court concluded it was

9

permissive.  303 F. Supp. 3d at 1168 (contrasting mandatory language that Texas law "shall govern" the parties' agreement with permissive language that the parties "voluntarily submit" to the jurisdiction of Texas courts).  Defendant's argument is therefore unpersuasive.  The Court holds that the forum-selection clause in the Services Agreements is permissive, not mandatory, and does not justify dismissal of Plaintiffs' action.[5]

## IV.   CONCLUSION

For the above reasons, Defendant BJMC Global, LLC's Motion to Dismiss for *Forum Non Conveniens* (*doc. 6*) is DENIED.

Because Defendant's reply brief (*doc. 12*) contained no new legal arguments nor evidence, *see Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005), Plaintiffs' Motion for Leave to File Surreply in Opposition to Defendant's Motion to Dismiss for *Forum Non Conveniens* (*doc. 15*) is also DENIED and the proposed surreply was not considered.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[5] Defendant has not argued for dismissal on any other basis.  The Court therefore declines to consider the relevant factors under an ordinary *forum non conveniens* analysis.  *See Archangel Diamond Corp. Liquidating Trust v. OAO Lukoil*, 812 F.3d 799, 804–09 (10th Cir. 2016) (outlining factors that the court must consider in the absence of a mandatory forum-selection clause).